UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DIANNE M. KROGER, | ) | CIV. 11-4012-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING MOTION FOR |
| MICHAEL J. ASTRUE, Commissioner | ) | ATTORNEY'S FEES |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Dianne M. Kroger, moved for reversal of the Commissioner of

Social Security's decision denying her application for Supplemental Security

Income (SSI) benefits under Title XVI of the Social Security Act for the time

period between July 26, 2007, and September 17, 2009. On February 13, 2012,

the court reversed and remanded the Commissioner's decision denying benefits.

Kroger now seeks an award of $15,595.94 in attorney's fees and $421.17 in

costs pursuant to the Equal Access to Justice Act. The Commissioner objects to

the motion. The court grants Kroger's motion for attorney's fees.

**DISCUSSION**

**I.     Substantially Justified**

Under the Equal Access to Justice Act, the prevailing party in a proceeding

for judicial review of federal agency action is entitled to legal fees and costs

"unless the court finds that the position of the United States was substantially

justified or that special circumstances make an award unjust." 28 U.S.C.

§ 2412(d)(1)(A). In this context, "substantially justified" means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis in law and fact." *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The standard is whether the Commissioner's position is well founded in law and fact, "solid though not necessarily correct." *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The government bears the burden of proving that the denial of benefits was substantially justified. *Id.* (citing *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991)).

"[T]he most powerful indicator of the reasonableness of the government's position is the rationale of the court's majority opinion in the first appeal." *Lauer*, 321 F.3d at 765. This court's February 13, 2012, opinion provided several reasons why the ALJ's decision to deny benefits was unfounded in law and fact. Docket 22. The most significant reasons can be sorted into three general categories: (1) the ALJ's failure to properly consider Kroger's arthritis and carpel tunnel syndrome; (2) the ALJ's inappropriate rejection of a treating physician's opinion; and (3) the ALJ's unfounded conclusion regarding Kroger's credibility.

The ALJ did not properly consider Kroger's arthritis and carpel tunnel syndrome. First, the ALJ did not discuss whether Kroger suffered from arthritis and, if so, whether it was a severe impairment, even though the record includes multiple references to her arthritis. Docket 22 at 26. Second, the ALJ did not provide any reasonable support for the finding that Kroger's carpel tunnel

syndrome was not a severe impairment. The ALJ relied solely on small excerpts of Kroger's testimony and neglected to take into account the medical reports and other evidence in the record that illustrated the severity of Kroger's carpel tunnel syndrome. Third, the ALJ did not consider Kroger's limited use of her hands caused by her arthritis and carpel tunnel syndrome when he determined her RFC or when he posed hypothetical questions to the vocational expert. Because of these failures, the Commissioner's position was not well founded in law and fact. *See Lauer*, 321 F.3d at 764.

The ALJ also inappropriately rejected one of Kroger's treating physician's opinions about the severity of Kroger's back problems. As this court pointed out in its February 13, 2012, opinion, "the ALJ's analysis is not grounded in fact." Docket 22 at 35. The treating physician's opinion was consistent with the record as a whole, including Kroger's medical treatment, use of pain medications, and activities of daily living. The ALJ's rationale for rejecting the treating physician's opinion was based largely on statements made by two other doctors, neither of which treated Kroger for her back problems. Thus, the Commissioner's position was not well founded in fact. Further, because the law requires the ALJ to give a treating physician's opinion controlling weight when it is consistent with the record as a whole, 20 C.F.R. § 416.927(d)(2), the Commissioner's position was not well founded in law, either.

The ALJ's determination that Kroger's testimony was incredible was unfounded. The ALJ concluded that Kroger's medical records and activities of

daily living were essentially normal and, therefore, did not coincide with her

testimony. But Kroger's medical records and activities of daily living

overwhelmingly supported her subjective complaints of pain. Moreover, the ALJ

failed to discuss several significant *Polaski* factors that weighed in favor of

finding Kroger credible. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.

1984) (requiring an ALJ to consider certain factors in weighing claimant's

credibility). Again, the Commissioner's position was not well founded in fact or

law.

In light of the foregoing, neither the ALJ's nor the Commissioner's position

in this case was well founded in law and fact. *See Lauer*, 321 F.3d at 764.

Accordingly, the government's position was not substantially justified, and

Kroger is entitled to attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(A).

## II.    Number of Hours Expended

The Commissioner objects to the number of hours billed by Kroger's

attorney. "The most useful starting point for determining the amount of a

reasonable fee is the number of hours *reasonably expended* on the litigation

multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433

(1983) (emphasis added). Here, the government does not dispute the attorney's

hourly rate of $178.75. Instead, the government disputes the number of hours

the attorney claims were expended, namely 87.25 hours.

In defending the number of hours he claims, Kroger's attorney made

several observations the court finds relevant. The attorney has represented over

95 clients in social security cases over the past 25 years. Docket 25 at 4. This case involved a 688-page record, 220 pages more than any other record the attorney has encountered in his practice. Docket 26 at 7. Kroger's initial brief was 40 pages and took 31.75 hours to draft. Docket 28 at 8. Kroger's reply brief was 30 pages and took 34.25 hours to draft. Kroger cited to the record over 225 times in the initial brief and over 95 times in the reply brief. *Id.* at 9.

After comparing Kroger's initial brief with the reply brief, the court finds that a considerable amount of overlap exists between the two briefs. Many of the factual assertions as well as the legal arguments are repetitive. Moreover, the reply brief is 10 pages shorter than the initial brief and contains far fewer citations to the record. Therefore, the court finds that awarding more hours for the reply brief than for the initial brief is unreasonable. The court finds that a reasonable number of hours for the reply brief in this case is 18 hours and will reduce the number of hours awarded for the reply brief by 16.25 hours. This reduction reduces the total hours billed to 71 hours.

The court has reviewed the remaining billing records and finds that 71 hours is reasonable at a rate of $178.75 per hour, for a total amount of $12,691.25 for attorney fees. The court also finds that awards of $761.47 for sales tax, $21.92 for expenses, and $399.25 for costs are reasonable. Thus, the court finds that Kroger is entitled to a total attorney fee award of $12,691.25, sales tax of $761.47, expenses of $21.92, and costs of $399.25.

## CONCLUSION

Accordingly, it is

ORDERED that Kroger's motion for attorney's fees, expenses, and costs (Docket 24) is granted. Kroger is awarded $12,691.25 in attorney fees and $761.47 representing 6 percent state and local sales tax on the attorney fees pursuant to the Equal Access to Justice Act.

IT IS FURTHER ORDERED that Kroger is awarded postage expenses of $21.92.

IT IS FURTHER ORDERED that Kroger is awarded costs of $399.25 ($350 filing fee and $49.25 for photocopies). These costs will be paid from the United States Department of Justice Judgment Fund.

IT IS FURTHER ORDERED that the administration will issue the check to plaintiff's counsel because that will permit electronic deposit of funds.

Dated October 30, 2012

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE